IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GEORGE E. CARTER-EL,**

        **Petitioner,**

v.                         **CIVIL ACTION NO. 3:14cv47**
                                      **(Judge Groh)**

**R.A. PERDUE,**

        **Respondent.**

## REPORT AND RECOMMENDATION

On May 15, 2014, the *pro se* Petitioner, an inmate then incarcerated at FCI Gilmer,[1] initiated this case by filing an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241. In the petition, Petitioner, who is serving a sentence imposed by the District of Columbia Superior Court, alleges that the Bureau of Prisons ("BOP") is unlawfully calculating his "split sentence." For relief, Petitioner requests that this Court order the BOP to apply the approved formula for split sentences which he maintains would result in his immediate release.

On June 2, 2014, the undersigned conducted a preliminary review of the file and determined that summary dismissal of the petition was not warranted at that time. Therefore, Respondent was directed to show cause why the petition should not be granted. On June 23, 2014, Respondent filed a Motion to Dismiss or for Summary Judgment and Response to Order to Show Cause.

---

[1]On June 23, 2014, Petitioner was transferred to the Rivers Correctional Institution in Winston, North Carolina. However, jurisdiction is determined at the time an action is filed; subsequent transfers of prisoners outside the jurisdiction in which they filed actions do not defeat personal jurisdiction. *U.S. v. Edwards*, 27 F.3d 564, 1994 WL 285462, **1 (4th Cir.(S.C. (C.A.4 (S.C.),1994

On June 24, 2014, the Court issued a Roseboro Notice in which Petitioner was advised of his right to file a response to Respondent's motion. On October 14, 2014, Petitioner filed a reply, with supporting memorandum and exhibits.

## I. Petitioner's Conviction and Sentence

Petitioner was found guilty by a jury of four counts charging him with (1) Carrying a Pistol without a License-Outside Home/Business; (2) Unlawful Possession of a Firearm; (3) Possession of Unregistered Firearm/Unlawful Possession of a Firearm or Destructive Device; and (4) Unlawful Possession Ammunition. On April 14, 2012, he was sentenced in the D.C. Superior Court to 60 months incarceration and 3 years supervised release on Count 1; 72 months incarceration and 3 years supervised release on Count 2; 1 year incarceration on Count 3; and 1 year incarceration on Count 4, with the sentences on Counts 1, 2, 3, and 4 to run concurrently. Accordingly, Petitioner was committed to the custody of the Attorney General to be incarcerated for a total term of 72 months to be followed by a supervised release term of 3 years. (Doc. 10-2, p. 1). Petitioner served prior sentences for D.C. Code violations, including Armed Robbery, Escape, Carrying a Deadly Weapon and Carrying a Pistol Without a License. Petitioner was released on parole from those sentences on January 30, 2009. Petitioner's current projected release date is December 4, 2016, with consideration for good conduct time. However, Petitioner has a detainer which was lodged on October 16, 2012, with the United States Marshals Service, District of Columbia, for a Parole Violation.

## II. Standard of Review

### A. Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan

2

Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs, Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993); *see also Martin,* 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." *Conley,* 355 U.S. at 45-46. In *Twombly*, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Conley,* 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citations omitted), to one that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I.DuPont de Nemours & Co.,* 324 F.3d 761, 765 (4th Cir.2003) (citing *Dickson v. Microsoft Corp.,* 309 F.3d 193, 213 (4th Cir.2002); *Iodice v. United States,* 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in *Ashcroft v. Iqbal,* where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded

complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. *Id.*

B. **Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. *See Blackledge v. Allison,* 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. *Maynard v. Dixon ,* 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. *Miller v. Federal Deposit Ins. Corp.,* 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242-52 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." *Id.* "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Felty v. Graves-Humphreys Co.,* 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. *Anderson,* 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587-88 (1986).

II1. **Analysis**

The National Capital Revitalization and Self-Government Improvement Act of 1997 ("Revitalization Act") provides that the BOP is responsible for computing the sentences of D.C. offenders housed in BOP facilities. D.C. ST. § 24-101(b). Moreover, such persons are "subject to any law or regulation applicable to persons committed for violations of laws of the United States consistent with the sentence imposed." *Id*. at § 24-101(a). Therefore, although the BOP is responsible for computing sentences of D.C. offenders housed in its facilities, the District of Columbia Code continues to control the computation of such sentences.

As part of the Revitalization Act, Congress established the District of Columbia Truth in Sentencing Commission ("TISC"), as an independent agency of the District of Columbia." Congress directed TISC to "make recommendations to the District of Columbia Counsel for amendments to the District of Columbia Code with respect to the sentences to be imposed for all felonies committed on or after August 5, 2000. Specifically, Congress mandated that TISC recommendations meet "the truth in sentencing standard of the Violent Crime Control and Law Enforcement Act of 1994." As part of this mandate, the Advisory Committee provided a formula for sentencing courts that would allow them to achieve the imposition of an effective split sentence:

> to impose a legal split sentence, the court should impose a prison sentence it wants the defendant to serve if probation is later revoked and impose the amount of supervised release that it must impose with that prison sentence. Then the court should suspend the amount of prison time he wants to suspend and suspend all of the supervised release time. The court should then set an appropriate term of probation. The court must impose a term of supervised release because the law says that every felony sentence must be followed by an adequate period of supervised release.

Judges of the Superior Court have traditionally imposed "split sentences" – a period of incarceration followed by a period of probation – under D.C. Code § 16-710(a)(2001), which grants the trial court discretionary authority to suspend the imposition or execution of his sentence, or

5

portion thereof, "for such time and upon such terms" as the court deems appropriate.[2] Petitioner mistakenly believes that his sentence was a split sentence and that his three-year term of supervised release should be counted toward his period of incarceration. He argues that he will serve 108 months instead of 72 months given the way the BOP has calculated his sentence.

Clearly, the sentence imposed by the D.C. Superior Count on April 14, 2012, was not a split sentence. By its definition, a split sentence occurs when a court imposes a sentence, suspends a part thereof, and requires a period of probation to follow." (Doc. 1-2, p. 1). Although Petitioner's sentencing judge had the authority under D.C. Code § 16-710(a)(2001) to impose a slit sentence, he did not. Instead, he sentenced Petitioner to four concurrent sentences with supervised release to follow the aggregated 72 months period of incarceration. No period of the sentence was suspended and no period of probation was ordered to follow. Therefore, Petitioner has no grounds for relief, and his petition must be dismissed.

The undersigned notes that in his reply to Respondent's Motion to Dismiss/Summary Judgment, he argues that it was improper for the BOP to transfer him from FCI Gilmer to FCI Rivers during the pendency of his habeas petition. Although Rule 23 of the Rules of Appellate Procedure prohibits the custodian from transferring a prisoner pending review of a decision in a habeas

---

[2]D.C. Code § 16-710(a) provides:

> [T]he court may, upon conviction, suspend the imposition of sentence or impose sentence and suspend the execution thereof, or impose sentence and suspend the execution of a portion thereof, for such time and upon such terms as it deems best, if it appears to the satisfaction of the court that the ends of justice in the best interest of the public and of the defendant would be served thereby in each case of the imposition of a sentence and the suspension of the execution thereof, or the imposition of a sentence and the suspension of the execution of a portion thereof, the court may place the defendant on probation under the control and supervision of her probation officer.

proceeding, there is no such prohibition while the case is pending in the district court. The applicable policy where, as here, a habeas petition is pending at the district court level, is 18 U.S.C. §3621(b) which provides that "[the Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate..." Furthermore, the transfer of a convicted and sentenced inmate is within the sound discretion of the Bureau of Prisons. *Meachum v. Fano*, 427 U.S. 215 (1976). Accordingly, Petitioner's transfer from FCI Gilmer to FCI Rivers was entirely appropriate.

## IV. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Respondent's Motion to Dismiss, Motion for Summary Judgment (Doc. 9) be **GRANTED**, and Petitioner's §2241 petition be **DENIED and DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1);*Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the

*pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. The Clerk is further directed to send a copy to counsel of record via electronic means.

DATED: December 30, 2014

												ROBERT W. TRUMBLE
												UNITED STATES MAGISTRATE JUDGE