# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## MARTINSBURG


**GEORGE E. CARTER-EL,**

      Petitioner,

**v.**                               **CIVIL ACTION NO.: 3:14-CV-47**
                                           **(JUDGE GROH)**


**R.A. PERDUE, Warden,**

      Respondent.


## MEMORANDUM OPINION AND ORDER
## ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the report and recommendation of United States Magistrate Judge Robert W. Trumble. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of a proposed report and recommendation. On December 30, 2014, Magistrate Judge Trumble conducted an initial review and filed his report and recommendation ("R&R"). ECF 22. In that filing, he recommended that this Court grant the Respondent's motion to dismiss or for summary judgment, [ECF 9], and deny and dismiss with prejudice the Petitioner's 28 U.S.C. § 2241 petition.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of a magistrate judge's findings to which objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of a magistrate judge as to those portions of the findings or

recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of de novo review and of a petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Trumble's R&R were due within fourteen (14) days after being served with a copy of the R&R, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. The Petitioner was served with the R&R on January 2, 2015. The Petitioner timely filed his objections on January 13, 2015. Accordingly, the Court will undertake a de novo review of those portions of Magistrate Judge Trumble's findings to which objection is made. The Court will review the remainder of the R&R for clear error.

## I. Background

Following a jury trial, the Petitioner was found guilty of the following four offenses: carrying a pistol without a license outside of a home or business; unlawful possession of a firearm; possession of an unregistered firearm/unlawful possession of a firearm or destructive device; and unlawful possession of ammunition. On August 14, 2012, the Petitioner was sentenced in the Superior Court for the District of Columbia to be incarcerated for a total term of seventy-two months, with a three-year period of supervised release to follow. The Petitioner argues that this sentence constitutes a "split sentence" under Washington, D.C. law. He argues that the supervised release portion of a split sentence is intended to be executed as part of the overall sentence, and therefore his supervised release term should be subtracted from his total incarceration sentence.

The Petitioner filed the instant petition under 28 U.S.C. § 2241 on May 15, 2014.

The Respondent filed a motion to dismiss or for summary judgment on June 23, 2014. On June 24, 2014, Magistrate Judge Trumble issued notice pursuant to the requirements established in Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) (per curiam), advising the *pro se* Petitioner of his right to file a response. After Magistrate Judge Trumble issued an order extending the deadline for the Petitioner to respond, the Petitioner filed his response on October 14, 2014. Magistrate Judge Trumble issued his R&R on December 30, 2014. In his R&R, Magistrate Judge Trumble recommended that this Court grant the Respondent's motion to dismiss or for summary judgment, and that the Petitioner's § 2241 petition be denied and dismissed with prejudice. The Petitioner timely filed his objections to the R&R on January 13, 2015.

## II. Standard of Review

A responsive pleading captioned as a motion to dismiss or, in the alternative, as a motion for summary judgment puts all parties on notice that a court could construe the motion either way. Laughlin v. Metro. Washington Airports Auth., 149 F.3d 253, 260 (4th Cir. 1998). Federal Rule of Civil Procedure 12 states that "[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, the Court may consider documents attached to the complaint, as well as those attached to the motion to dismiss, "so long as they are integral to the complaint and authentic." Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the

applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff. Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). But a complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

A complaint that offers "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. (citation and internal quotation marks omitted). Likewise, a complaint that tenders only "naked assertion[s] devoid of further factual enhancement," does not suffice. Id. (alteration in original) (citation and internal quotation marks omitted). A plaintiff is required to articulate facts that, when accepted as true, "show" he is plausibly entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (citing Iqbal, 556 U.S. at 678 and Twombly, 550 U.S. at 557). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (alteration in original) (citing Fed. R. Civ. P. 8(a)(2)).

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 when

there is no genuine issue as to any material fact and the moving party is entitled to judgment in its favor as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial–whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250.

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show an absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 323-35; Anderson, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249 (citations omitted).

### III. Discussion

The Petitioner objects to the R&R on multiple grounds. The Court has identified two primary objections. The Petitioner argues, at length and for myriad reasons, that it was improper for Magistrate Judge Trumble to issue the R&R. Additionally, he continues to assert that he is serving a split sentence and that Magistrate Judge Trumble was wrong to conclude otherwise. The Petitioner has asserted several other arguments which either explicitly state an objection or may be only liberally construed as objections. Some of the

5

arguments are asserted here for the first time. As part of this Court's obligation to determine de novo any issue to which proper objection is made, the Court is "required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." United States v. George, 971 F.2d 1113, 1118 (4th Cir. 1992). Accordingly, the Court will review de novo each of the Petitioner's arguments, to the extent they constitute objections to the R&R.

### A.    The Magistrate Judge's Authority

The Petitioner makes several arguments concerning the magistrate judge's authority to issue a report and recommendation concerning the Petitioner's § 2241 petition. The Petitioner objects on the following grounds: the Petitioner did not consent to magistrate judge jurisdiction; the magistrate judge did not take an oath; no appointment affidavit was completed; and the magistrate judge's actions violated both the appointment clause of the United States Constitution and the principle of separation of powers.

The Federal Magistrates Act, 28 U.S.C. §§ 631-639, authorizes district court judges to refer certain matters to federal magistrate judges. Under § 636(b), a magistrate judge may hear, but not ultimately decide, certain dispositive matters. The magistrate judge may submit a report and recommendation to the district court and, unless otherwise provided, a party may file objections to a magistrate judge's recommendation "within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). Pursuant this Court's Local Rules of Prisoner Litigation Procedure, "[a]ll petitions, applications, complaints, and motions to vacate or modify sentences filed by prisoners are assigned to the Magistrate Judges. The Magistrate Judges are authorized to consider the record and do all things proper to recommend disposition of any dispositive motions filed in such actions . . . ." LR PL P 2.

However, a district judge's wide discretion in determining what to refer to a magistrate judge is not unlimited. See Gomez v. United States, 490 U.S. 858, 874-75 (1989) (holding that a magistrate judge exceeded his jurisdiction by conducting voir dire in a criminal matter, over a defendant's objection). The parties' consent "allows a magistrate judge designated to exercise civil jurisdiction . . . to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure." § 636(c)(3). But in appropriate circumstances, the parties' consent is not required before a magistrate judge may issue a recommendation under § 636(b).

In this case, the Court's referral of the Petitioner's § 2241 petition was consistent with the Federal Magistrates Act, the Federal Rules of Civil Procedure, and the Local Rules of Prisoner Litigation Procedure. Likewise, the magistrate judge's R&R conformed to established procedure. Accordingly, the Petitioner's consent was not required before Magistrate Judge Trumble could review this matter and issue his R&R. As to the Petitioner's other arguments, Magistrate Judge Trumble was not required to perform a special oath or to submit an appointment affidavit prior to issuing his recommendation, and his R&R does not violate the appointment clause or offend the separation of powers. The Petitioner bases these arguments on the United States Judiciary Act of 1789, but his arguments fail for the same reasons articulated above. Magistrate Judge Trumble is a federal magistrate judge whose R&R was issued in accordance with established law and federal procedure. Therefore, the Petitioner's objections are hereby **OVERRULED**.

## B.     The Split Sentence

The Petitioner objects to Magistrate Judge Trumble's conclusion that the Petitioner

is not serving a split sentence.  The Petitioner's argument–that he is serving a split sentence and that his period of supervised release should be deducted from his sentence of incarceration–forms the basis of his § 2241 petition.  The Petitioner was sentenced in the Superior Court of the District of Columbia, but he was incarcerated by the Federal Bureau of Prisons pursuant to the National Capital Revitalization and Self-Government Improvement Act.  D.C. Code § 24-101.  Under D.C. law, judges in criminal cases in D.C. superior court may "upon conviction . . . impose sentence and suspend the execution thereof, or impose sentence and suspend the execution of a portion thereof, for such time and upon such terms as it deems best, if it appears to the satisfaction of the court that the ends of justice and the best interest of the public and of the defendant would be served thereby."  D.C. Code § 16-710.  In such cases, "the court may place the defendant on probation under the control and supervision of a probation officer."  Id.  A sentence fashioned in this manner is known as a "split sentence."  See BOP Program Statement 5880.33.

The Petitioner's sentence of incarceration for seventy-two months, to be followed by a three-year term of supervised release, is not a split sentence.  He has been notified of this fact on several occasions.  Because he is not serving a split sentence, he is not entitled to have any portion of his sentence suspended.  Magistrate Judge Trumble did not err in so finding, and the Petitioner's objection is hereby **OVERRULED**.

**C.    Other Arguments**

The Petitioner raises a host of other arguments, supported by few factual allegations and no evidence.  He makes the following statements, which might be liberally construed

as objections: the Magistrate Judge did not consider all of the Petitioner's evidence and exhibits; it is improper to file two different dispositive pleadings combined as one, such as a motion to dismiss or, in the alternative, a motion for summary judgment; the Court has quasi in rem jurisdiction over the Respondent; the Petitioner's arguments should have been analyzed under admiralty or maritime law; the Petitioner did not sign a conditional contract; the equitable doctrine of "unclean hands" applies; and the Petitioner's Sixth Amendment rights were violated because the government did not disclose legislative history concerning unlawful terms of supervised release.

The Petitioner states that "[t]he Magistrate Judge did not consider Petitioner's exhibits in support of factual allegations such as exhibits 'JAG' and 'MEM.'" Both of these exhibits were submitted as attachments to the Petitioner's Response to the Respondent's motion to dismiss or for summary judgment. The exhibit marked "JAG" is a copy of the "Sentence of the Court" issued by the Superior Court of the District of Columbia when the Petitioner was sentenced. The R&R explicitly references this document, as it was attached to the Respondent's motion. In considering a motion to dismiss or, in the alternative, for summary judgment, a court may determine which standard of review to apply. See Laughlin, 149 F.3d at 260. If a court construes a motion as a motion to dismiss, it may only consider those exhibits that are integral to the complaint and authentic. See Trimble Navigation Ltd., 484 F.3d at 705. Here, the Petitioner is challenging the nature of his sentence, and thus the sentencing court's order is integral. Its authenticity has not been challenged, and indeed it was offered by both parties. The exhibit marked "MEM" appears to be a publication aimed at prisoners who seek to challenge their criminal sentences. The R&R does not reference this exhibit, but a magistrate judge is not required to specifically

reference or discount all proffered exhibits when making a recommendation. The "MEM" exhibit is not integral, and it does not appear to be a particularly reliable secondary source.

The Petitioner objects to the drafting of "two different dispositive pleadings such as motion to dismiss and summary judgment." In the Fourth Circuit, a nonmovant is put "on notice" that a motion captioned as a motion to dismiss or, in the alternative, for summary judgment, could be construed either way. Laughlin, 149 F.3d at 260. In this case, the magistrate judge recommended dismissing the Petitioner's § 2241 petition. The magistrate judge's analysis was appropriate, and upon a de novo review this Court reaches the same conclusion.

The remainder of the Petitioner's arguments are unsupported by the record, and several do not warrant de novo review. "When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D.W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). In reviewing the Petitioner's filing, the Court has identified additional arguments concerning the Court's quasi in rem jurisdiction, the applicability of maritime and admiralty law, the existence of a conditional contract, the doctrine of unclean hands, and the disclosure of legislative history. Not only are these conclusory arguments irrelevant to the magistrate judge's R&R, they do not relate to the Petitioner's criminal trial, his sentence or the instant petition. The Court will address these arguments to the extent possible.

The Petitioner argues that the Court has constructive quasi in rem jurisdiction over the Respondent. Quasi in rem jurisdiction exists when a court has jurisdiction over a

person based on that person's interest in property located within the court's territory. Black's Law Dictionary 983 (10th ed. 2014). Here, the Petitioner was convicted of charges relating to the possession of a firearm, and his § 2241 petition challenges the nature of his criminal sentence. The Petitioner's arguments regarding quasi in rem jurisdiction are irrelevant.

The Petitioner avers this is a case of admiralty and maritime jurisdiction. He cites to Federal Rule of Civil Procedure 9(h), which provides, "If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim . . . ." Admiralty and maritime law provide the rules that govern "claims arising out of commerce on or over navigable water." Black's Law Dictionary 55 (10th ed. 2014). In a related argument, the Petitioner states that he "did not sign a conditional contract with the respondent," and that he "opposes it as a living person." He writes that "[c]ivil maritime and admiralty actions require a contract between the Petitioner and the Respondent for the Plaintiff to have standing to file his petition." Here, the Court agrees that there is no evidence of a conditional contract between the parties. After his criminal trial, the Petitioner was convicted of charges relating to the possession of a firearm, and his § 2241 petition challenges the nature of his criminal sentence. There is no indication he ever entered into a maritime agreement with the Respondent. The Petitioner's argument regarding admiralty and maritime law is irrelevant.

The Petitioner argues the doctrine of "unclean hands" should be applied. Under that doctrine, "no party asserting an equitable claim or an equitable defense may himself or herself be 'tainted with inequitableness or bad faith relative to the matter in which he [or

she] seeks relief, however improper may have been the behavior' of the other party." Plant v. Merrifield Town Ctr. Ltd., 711 F. Supp. 2d 576, 596 (E.D. Va. 2010) (alteration in original) (quoting Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co., 324 U.S. 806, 814 (1945)). "Any willful act concerning the cause of action which rightfully can be said to transgress equitable standards of conduct is sufficient" to invoke this defense. Precision Instrument Mfg. Co., 324 U.S. at 815. In this case, the Petitioner has not alleged any facts relevant to this equitable doctrine.

Finally, the Petitioner alleges that his constitutional rights were violated as a result of a failure "to disclose the true legislative history of the unlawful term of supervised release." The Petitioner has not referenced any authority to support the proposition that the Respondent, the Court, or anyone else has the duty to provide him with "true legislative history." Accordingly, all of the Petitioner's remaining objections are hereby **OVERRULED**.

Upon careful consideration of the record, the parties' filings, and the R&R, the Court finds that Magistrate Judge Trumble committed no clear error with regard to the portions of the R&R to which the Petitioner filed no objections.

## IV. Conclusion

Upon careful review of the record, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation, [ECF 22], should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Additionally, the Petitioner's Objections are **OVERRULED**. It is further **ORDERED** that the Respondent's Motion to Dismiss or for Summary Judgment, [ECF 9], is **GRANTED**, and the Petitioner's § 2241 petition is **DENIED and DISMISSED WITH PREJUDICE** and **STRICKEN** from the

active docket of this Court.

The Clerk is **DIRECTED** to enter a separate order of judgment in favor of the Respondent. As the Petitioner is a federal prisoner seeking relief through a § 2241 petition, the Court makes no certificate of appealability determination in this matter.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* Petitioner by certified mail, return receipt requested, at his last known address as shown on the docket sheet.

**DATED**: February 9, 2015

_____
GINA M. GROH
UNITED STATES DISTRICT JUDGE